UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKASHA SVENDSEN,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 15-cv-1232-JSC<br><br>**PRETRIAL ORDER NO. 1** |

Upon review of the parties' Joint Case Management Conference Statement (Dkt. No. 14), the Court VACATES the case management conference scheduled for June 25, 2015 and orders as follows:

## I. CASE MANAGEMENT SCHEDULE

| | |
|---|---|
| Deadline to Complete Private Mediation: | December 18, 2015 |
| Last day to move to amend pleadings: | November 5, 2015 |
| Expert Witness Designations: | December 21, 2015 |
| Rebuttal Expert Witness Designations: | February 8, 2016 |
| Discovery Cut-Off (fact and expert): | March 21, 2016 |
| Hearing on Dispositive Motions: | April 21, 2016 at 9:00 a.m. |

## II. FURTHER CASE MANAGEMENT CONFERENCE

The Court will hold a Further Case Management Conference on **January 14, 2016** at 1:30 p.m. The parties shall submit an updated Joint Case Management Conference Statement one week before the conference. The Court will be particularly interested in what further settlement processes, if any, might be productive.

## III. TRIAL DATE

A. A bench trial will begin on **June 27, 2016, at 8:30 a.m.,** in Courtroom F, 15th

Floor, U.S. District Court, 450 Golden Gate, San Francisco, California.

     B.     The Court is expecting the length of the trial to not exceed 5 court days.

### III. PRETRIAL CONFERENCE

A Final Pretrial Conference shall be held on **June 2, 2016, at 2:00 p.m.,** in Courtroom F, 15th Floor. Lead trial counsel for each party shall attend.

     A.     At least seven days prior to date of the Final Pretrial Conference the parties shall do the following:

          1.     In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer in person, and then prepare and file a jointly signed Proposed Final Pretrial Order that contains: (a) a brief description of the substance of claims and defenses which remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (e) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition), including, for all such witnesses (other than party plaintiffs or defendants), a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer. For each witness, state an hour/minute time estimate for the direct examination (only). Items (d) and (e) should be submitted as appendices to the proposed order.

          2.     File trial briefs on any controlling issues of law or any other matter a party believes will be helpful to the Court in advance of trial.

          3.     File and serve any objections to exhibits.

          4.     Any motions in limine shall be submitted as follows: at least twenty (20) calendar days before the conference, the moving party shall serve, but not file, the opening brief. At least ten (10) calendar days before the conference, the responding party shall serve the opposition. There will be no reply. When the oppositions are received, the moving party should collate the motion and the opposition together, back-to-back, and then file the paired sets at least seven (7) calendar days before the conference. Each motion should be presented in a separate

1  memorandum and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to
2  Exclude . . . ." Each party is limited to bringing five motions in limine. The parties are encouraged
3  to stipulate where possible, for example, as to the exclusion of witnesses from the courtroom.
4  Each motion should address a single, separate topic, and contain no more than seven pages of
5  briefing per side.

6        B.    Hard-copy courtesy copies of the above documents shall be delivered by NOON
7  the day after filing. The Court requests that all hard-copy submissions be three-hole-punched.

8  **IV.    PRETRIAL ARRANGEMENTS**

9        A.    Should a daily transcript and/or real-time reporting be desired, the parties shall
10 make arrangements with Debra Campbell, Supervisor of the Court Reporting Services, at
11 (415) 522-2079, at least ten (10) calendar days prior to the trial date.

12       B.    During trial, counsel may wish to use overhead projectors, laser-disk/computer
13 graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all
14 counsel to the maximum extent possible. The Court provides no equipment other than an easel.
15 The United States Marshal requires a court order to allow equipment into the courthouse. For
16 electronic equipment, parties should be prepared to maintain the equipment or have a technician
17 handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may
18 work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

**SCHEDULING**

Trial will be conducted from 8:30 a.m. to 2:30 or 3:00 p.m., depending on the availability of witnesses, Monday through Friday.

**WITNESSES**

At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged prior to the first day of trial. All such notices shall be provided in writing.

**EXHIBITS**

A. Prior to the Final Pretrial Conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

B. Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

C. The exhibit tag shall be in the following form:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

Case No. _____
Date Entered _____
By_____
        Deputy Clerk
```

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying), but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels

1 should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders
2 should be marked as "Original." Deposit the exhibits with the deputy clerk seven (7) days before
3 the Pretrial Conference.

4       D.      Counsel must consult with each other and with the deputy clerk at the end of each
5 trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If
6 there are any differences, counsel should bring them promptly to the Court's attention.

7       E.      In addition to the official record exhibits, three sets of bench binders containing
8 copies of the exhibits must be provided to the Court seven (7) days before the Pretrial Conference,
9 one should be marked as "Chambers Copies", and the other two as "Clerk's Copies." Each exhibit
10 must be separated with a label divider identifying the exhibit number. (An exhibit tag is
11 unnecessary for the bench set.) Spine labels should indicate the numbers of the exhibits that are in
12 the binders.

13       **IT IS SO ORDERED**.

14 Dated: June 19, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge